446 F.2d 559
 UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond Melvin GILBERT, Defendant-Appellant.
No. 30216 Summary Calendar.*
*Rule 18, 5 Cir.; See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431
F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 July 22, 1971, Rehearing Denied Sept. 15, 1971.
 
 George C. Phillips, Pensacola, Fla., court appointed, for defendant-appellant.
 William Stafford, U.S. Atty., Pensacola, Fla., for plaintiff-appellee.
 Before JOHN R. BROWN, Chief Judge, INGRAHAM and RONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 The parties will be referred to as in the court below.
 
 
 2
 Defendant appeals from conviction of violation of 18 U.S.C., Appendix, Section 1202(a)(1), in that he, having been convicted of a felony, possessed a firearm.
 
 
 3
 We find no merit to his first assignment of error, so will treat only his second assignment of error, that he was denied his constitutional right to trial by a fair and impartial jury.
 
 
 4
 Upon voir dire examination of the jury panel, all questions were properly and satisfactorily answered. After the jury had been sworn, the evidence developed, the case argued and the jury charged, the jury retired to deliberate. The bailiff reported to the court that Mrs. Mary Borden, a member of the jury, knocked on the door and advised:
 
 
 5
 '* * * she ought to talk to someone because since she got into the room the rest of them started talking in reference to this man and that trial and stated it had come to her who this guy was, Mr. Gilbert and, of course, about him being connected with that trial down there, and said she thought she remembered the details of it or him being connected with that trial and she wanted to know-- 'After a conference with counsel in chambers, upon the record, it was decided to ask Mrs. Borden to come out of the jury room and write out her communication, which was as follows:
 
 
 6
 'I can remember reading in the Pensacola papers and hearing on the television the story of a young girl murdered in Gulf Breeze on February 1968, the name Raymond Melvin Gilbert seems to be the same name as the name of the man tried in Marianna, Florida. Being other jurors well all unaware of this incident, if this be one and the same person, I myself am inclined to find him guilty. I know it would be unjust for me to allow such material to interfere with their finding.'
 
 
 7
 Mrs. Borden was further interrogated by counsel and the court. The defendant moved for a mistrial, which was not granted.
 
 
 8
 We believe that it was the clear duty of the trial court, in these circumstances, to declare a mistrial and empanel another jury to try the defendant.
 
 
 9
 Reversed and remanded.